IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 11-cv-02486-WYD-KLM

RICHARD E. GOODWIN,

Plaintiff,

v.

STUDENT MOVERS, INC.,

Defendant.

---

**ORDER**

---

I. INTRODUCTION

THIS MATTER is before the Court on Defendant Student Movers, Inc. ("Student Movers") Motion to Dismiss, filed October 28, 2011 [#11]. Plaintiff's response in opposition to the motion was filed on November 28, 2011 [#14], and Defendant's reply was filed on December 15, 2011 [#17]. For the reasons stated below, the motion to dismiss is **GRANTED**.

II. BACKGROUND

In this civil rights action, Plaintiff brings two claims for relief, including claims for violation of the Age Discrimination in Employment Act ("ADEA") and outrageous conduct. In the instant motion, Defendant moves to dismiss only Plaintiff's outrageous conduct claim.

As set forth in the Amended Complaint, Plaintiff began working for Defendant Student Movers, Inc.'s predecessor in June of 1981. Defendant terminated Plaintiff's employment on March 8, 2011. At the time of his termination, Plaintiff was fifty-five

years old, and was working as the manager of Defendant's warehouse; a position he held for over fifteen years.  Plaintiff alleges that from the date he was hired until his termination, his job performance was exemplary and he performed all of his job related responsibilities and obligations without reprimand.  Following his termination, his position was filled by a younger employee.

According to the Amended Complaint, Defendant articulated four reasons for Plaintiff's termination: (1) allowing items to go missing from the warehouse; (2) being late for work (3) drinking and being intoxicated on the job; and (4) poor management skills.  Plaintiff maintains that all four of these proffered reasons are false, and that he was "never given notice of the false accusations against him until the day of his termination."  In addition, Plaintiff alleges that at the same time he was terminated, eight other protected-class employees were terminated by the Defendant, all of whom were over forty years of age, and many of them over fifty years of age, and all of whom had been employed by Defendant an average of twenty years, or more.  Plaintiff alleges that Defendant intentionally decided to terminate elderly employees and replace them with younger employees.

With respect to his claim for relief for outrageous conduct, Plaintiff incorporates by reference all of the factual allegations supporting his ADEA discrimination claim, and further asserts that two of Defendant's stated reasons for terminating him, that he allowed items to go missing from the warehouse, and that he was intoxicated on the job, "go beyond pretext" and "are asserted for the purpose of damaging, or even destroying, the Plaintiff's reputation within the industry."  Plaintiff alleges that Defendant acted recklessly or with the intent to cause him severe emotional distress.

Defendant contends that dismissal of Plaintiff's outrageous conduct claim is appropriate because the alleged conduct is not outrageous as a matter of law, and because the allegations supporting the claim are identical to and share a common nucleus of operative facts with Plaintiff's ADEA claim. I find, for the reasons stated below, that the conduct Plaintiff alleges is not outrageous as a matter of law, and that Plaintiff fails to state a claim for outrageous conduct that is independently cognizable from his ADEA discrimination claim.

## III. ANALYSIS

### A. Standard of Review

The Federal Rules of Civil Procedure provide that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1940. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1949. "A court reviewing the sufficiency of a complaint presumes all

of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949.

B. Whether Plaintiff Failed to State a Claim Upon Which Relief Can Be Granted

1. Whether the Alleged Conduct is not Outrageous as a Matter of Law

To establish a claim for outrageous conduct under Colorado law, a plaintiff must show that: "(1) the defendant engaged in extreme and outrageous conduct; (2) the defendant engaged in such conduct recklessly or with the intent of causing the plaintiff severe emotional distress; and (3) the defendant's conduct caused plaintiff to suffer severe emotional distress." *McCarty v. Kaiser-Hill Co.*, 15 P.3d 1122, 1126 (Colo. App. 2000). "Although the question whether conduct is outrageous is generally one of fact to be determined by a jury, it is the initial responsibility of a court to determine whether reasonable persons could differ on the question." *Id.* "The level of outrageousness required for conduct to create liability for intentional infliction of emotional distress is extremely high." *Id.* "Liability has been found only where the conduct has been so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *McCarty*, 15 P.3d at 1126; *see also Coors Brewing Co. v. Floyd*, 978 P.2d 663, 666 (Colo. 1999) (en banc) (allegations "that Coors engaged in an extensive criminal conspiracy involving illegal drugs and money laundering and that Coors fired [Plaintiff] to scapegoat him for these crimes" was *not* outrageous as a matter of law); *Churchey v. Adolph Coors Co.*, 759 P.2d 1336, 1350 (Colo. 1988) (the acts must so

arouse resentment in average members of the community as to lead them to exclaim, "Outrageous!").  "Proof of the tort of outrageous conduct must consist of either an extreme act, both in character and degree, or a pattern of conduct from which the ineluctable conclusion is the infliction of severe mental suffering was calculated or recklessly and callously inflicted." *Gard v. Teletronics Pacing Systems, Inc.*, 859 F. Supp. 1349, 1354 (D. Colo.1994).

Plaintiff's outrageous conduct claim is based solely on Defendant's alleged false statements that Plaintiff was terminated because he "allowed items to go missing from the warehouse," and was "intoxicated on the job."  Plaintiff argues that he has stated a valid claim for outrageous conduct because Defendant's statements are "intended to demean him and expose him as a thief and an alcoholic."  The Amended Complaint does not indicate that Defendant articulated its reasons for Plaintiff's termination to anyone other than Plaintiff.  However, in his response to the motion to dismiss, Plaintiff asserts that these statements were also made by the Defendant in its response to Plaintiff's EEOC claim.  However, allegations of wrongful discharge and defamatory remarks do not rise to the level of outrageous conduct.  *See Steinberg v. Thomas*, 659 F.Supp. 789, 795-6 (D. Colo. 1987).  Plaintiff attempts to distinguish *Steinberg*, by speculating that Defendant may have repeated the false statements "to potential future employers," that the information was given to the EEOC "in a specific effort to make the Plaintiff appear to be an unsavory character," and that "literally hundreds of people have access to this information and will continue to have it for years to come."  However, these assertions are wholly conclusory and unsupported by the allegations in the Amended Complaint.

I find that Plaintiff's allegations that Defendant falsely stated in its response to Plaintiff's EEOC claim that Plaintiff was terminated for "allowing items to go missing from the warehouse," and for "being intoxicated on the job," simply do not reach the threshold level of conduct necessary to support a claim of extreme and outrageous conduct.

2. Whether Plaintiff Has Stated a Claim for Outrageous Conduct That is Independently Cognizable From His ADEA Claim

In the alternative, I find that Plaintiff has failed to state a claim for outrageous conduct that is independently cognizable from his ADEA Claim.

A claim for outrageous conduct "consists of discrete elements established in law to prevent the intentional infliction of mental suffering." *Gard*, 859 F. Supp. at 1354. The tort "contemplates an extreme level of *independently ascertainable* misconduct from which the 'ineluctable conclusion' is the calculated or reckless infliction of severe mental suffering." *Visor v. Sprint/United Mgmt. Co.*, 965 F. Supp. 31, 33 (D. Colo. 1997) (quoting *Gard*, 859 F. Supp. at 1354). "It is not meant to be an incantation to augment damages." *Gard*, 859 F. Supp. at 1354. Therefore, "where the allegations forming the basis of a claim for outrageous conduct are the same as those forming the basis for a claim of discrimination, and nothing more, they fail to state an independently cognizable claim for which relief can be granted under rule 12(b)(6)." *Visor*, 965 F. Supp. at 33; *see also Emerson v. Wembley USA Inc.*, 433 F. Supp. 2d 1200, 1228 (D. Colo. 2006); *Katz v. City of Aurora*, 85 F. Supp. 2d 1012, 1021 (D. Colo. 2000).

In *Visor*, employees brought claims under Title VII of the Civil Rights Act of 1964 for employment discrimination and retaliation, and state law claims for breach of contract, promissory estoppel, and outrageous conduct. *Visor*, 965 F. Supp. at 33. In

their complaint, the employees supported their outrageous conduct claim by incorporating by reference their allegations used to support their employment claims, followed by the assertions that "'[d]efendant's course of conduct . . . was extreme and outrageous' and 'done with the intent of causing the [p]laintiffs severe emotional distress.'" *Id.* Because the allegations failed to state a claim for outrageous conduct that was independently cognizable from the Title VII claims, as required by Colorado law, the court granted the employer's motion to dismiss the claim. *Id.*

In *Katz*, the plaintiff alleged violations of ADEA, his rights to due process and equal protection under 42 U.S.C. § 1983, and the tort of intentional infliction of emotional distress. *Katz*, 85 F. Supp. 2d at 1016. The plaintiff offered only his allegations in connection with his discrimination and other claims as support for his claim for intentional infliction of emotional distress, then conclusively alleged that the defendant's conduct was outrageous. *Id.* at 1021. Because the plaintiff's complaint contained no separate factual allegations for the outrageous conduct claim which differed from the factual allegations supporting his other claims, the court dismissed the plaintiff's outrageous conduct claim for failure to state a claim. *Id.*

Similar to the plaintiffs in *Visor* and the plaintiff in *Katz*, the Plaintiff in this case supports his outrageous conduct claim with the same allegations made in connection with his ADEA claim. In his Amended Complaint, Plaintiff incorporates all of the allegations supporting his ADEA claim, and then concludes that Defendant's conduct was done "for the purpose of damaging, or even, or even destroying, the Plaintiff's reputation within the industry," and that Defendant acted "recklessly or with the intent of causing the Plaintiff severe emotional distress." Other than these conclusory

statements, the Amended Complaint contain no factual allegations for the outrageous conduct claim that are distinct from Plaintiff's ADEA Discrimination claim. Therefore, Plaintiff has failed to state an independently cognizable claim for outrageous conduct for which relief can be granted under Rule 12(b)(6).

IV. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Defendant's Motion to Dismiss Plaintiff's Second Claim filed October 28, 2011 [#11], is **GRANTED**, and Plaintiff's Second Claim for Relief for Outrageous Conduct is **DISMISSED**.

Dated: April 2, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge